**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA

vs.

DAVID W. SVETE and
RON GIRARDOT

_____/

CASE NO.: 3:04cr10/MCR
USCA NO.: 05-13809-H

### ORDER ON MOTION FOR RELEASE PENDING APPEAL

Both defendants have filed motions for release pending appeal. A hearing was held on the motions on August 2, 2005, at the end of which the court denied the motions and ordered the defendants to voluntarily surrender on August 15, 2005.[1] The court announced the bases for its decision on the record at the end of the hearing. The court now sets forth those reasons in writing. See In Re Smith, 823 F.2d 401, 402 (11th Cir. 1987):

The Bail Reform Act of 1984 governs release pending appeal. See 18 U.S.C. § 3143(b). Section 3143(b) provides in pertinent part that a person who has been found guilty of an offense and sentenced to a term of imprisonment who has also filed an appeal shall be detained unless the court finds (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the community or another person if released and (2) that the appeal is not for purposes of delay and raises a substantial question of law or fact likely to result in reversal or a new trial. Id. Under the statute a person's conviction is presumed correct and it is the defendant's burden to overcome that presumption by

---

[1] Although defendants were remanded to custody following the jury's guilty verdicts they were later released pending sentencing. Following sentencing they were allowed to remain on bond until their surrender date.

OFFICE OF CLERK
U.S. DISTRICT CT
NORTHERN DIST. FLA.
PENSACOLA, FLA.

05 AUG 18 AM 8: 58

FILED

satisfying the above criteria. United States v. Giancola, 754 F.2d 898, 900-01 (11th Cir. 1985), cert. denied, 479 U.S. 1018, 107 S.C.t 669, 93 L.Ed.2d 721 (1986).[2]

At the hearing both defendants satisfied the first criterion and the court found by clear and convincing evidence that neither posed a risk of flight nor a danger to the community or another person. The court concluded, however, that the defendants had not demonstrated that their appeals raised a substantial question or law or fact likely to result in reversal or a new trial. In reaching this conclusion the court applied the following standard from the Eleventh Circuit Court of Appeals' decision in Giancola, supra and the Eighth Circuit Court of Appeals' decision in United States v. Powell, 761 F.2d 1227 (8th Cir. 1985):

> . . . a defendant who wishes to be released on bail after imposition of a sentence including a term of imprisonment must first show that the question presented by the appeal is substantial, in the sense that it is a close question or one that could go either way. It is not sufficient to show that reasonable judges could differ (presumably every judge who writes a dissenting opinion is still 'reasonable') or that the issue is fairly debatable or not frivolous. On the other hand, the defendant does not have to show that it is likely or probable that he or she will prevail on the issue on appeal. If this part of the test is satisfied, the defendant must then show that the substantial question he or she seeks to present is so integral to the merits of the conviction it is more probable than not that reversal or new trial will occur of the question is decided in the defendant's favor. In deciding whether this part of the burden has been satisfied, the court or judge to whom application for bail is made must assume that the substantial question presented will go the other way on appeal and then assess the impact of such assumed error on the conviction. ...

---

[2] The law prior to 1984 was different. The former version of the statute, the Bail Reform Act of 1966, contained a presumption in favor of release, notwithstanding a conviction, such that a person was entitled to bail unless the government could show that the person posed a risk of flight or danger to the community or another person or that the appeal was frivolous or filed for purposes of delay. See Giancola, 754 F.2d at 900-01. Congress' intent in repealing the earlier version of the statute in favor of the 1984 Act was to limit substantially the number of persons released pending appeal. Id.; United States v. Powell, 761 F.2d 1227, 1232 (8th Cir. 1985).

Case No.: 3:04cr10/MCR; USCA No.: 05-13809-H

Powell, 761 F.2d at 1233-34.³ In considering the second part of this standard; i.e. whether

---

³ Since enactment of the Bail Reform Act of 1984, numerous courts of appeals have addressed the meaning of the term "substantial question" under § 3143(b). See United States v. Miller, 753 F.2d 19 (3d Cir. 1985); United States v. Giancola, 754 F.2d 898 (11th Cir. 1985); United States v. Handy, 761 F.2d 1279 (9th Cir. 1985); United States v. Powell, 761 F.2d 1227 (8th Cir. 1985); United States v. Pollard, 778 F.2d 1177, 1182 (6th Cir.1985); United States v. Bayko, 774 F.2d 516, 523 (1st Ci. 1985); United States v. Bilanzich, 771 F.2d 292, 298-99 (7th Cir. 1985); United States v. Affleck, 765 F.2d 944, 952 (10th Cir. 1985); United States v. Valera-Elizondo, 761 F.2d 1020, 1024 (5th Cir. 1985); United States v. Randell, 761 F.2d 122, 125 (2d Cir.), cert. denied, 474 U.S. 1008, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985); United States v. Smith, 793 F.2d 85 (3d Cir. 1986), cert. denied, 479 U.S. 1031, 107 S.Ct. 877, 93 L.Ed.2d 832 (1987). In Miller, the first case to address the issue, the Third Circuit determined that a "substantial question" is "'one which is either novel, ... has not been decided by the controlling precedent, or ... is fairly doubtful.'" Miller, 753 F.2d at 23. In Giancola, the Eleventh Circuit agreed with the Miller court's interpretation of § 3143(b) that Congress did not intend for the district courts to deny bail pending appeal absent the district court judge finding that he or she had committed error at the trial level. Id. at 900. The court also agreed that the Third Circuit's interpretation of "substantial question" effectuated Congress' intent because under the Miller standard a defendant would have to show and the district court find that the appeal was more than simply nonfrivolous; instead the appeal would have to have more merit or substance than simply a nonfrivolous appeal. Id. Although the Eleventh Circuit indicated in Giancola that the Third Circuit's interpretation in Miller and adoption of the definition "fairly doubtful" for "substantial" did effect Congress' intent in changing the statute because it required the defendant to show more than a nonfrivolous issue, the Eleventh Circuit disagreed with the Third Circuit's emphasis on the absence of controlling precedent to define when an issue is "substantial". Giancola, 754 F.2d at 901. The court noted that there may be cases where there is no controlling precedent, yet at the same time no reason to think that the Eleventh Circuit would decide the issue different from other circuits that had settled the issue, and also cases which present insignificant questions with no controlling precedent because the issue is without merit that no court has found it necessary to resolve it. Id. In the end, instead of simply adopting the "fairly doubtful" definition in Miller, the Eleventh Circuit refined the definition and determined that a "substantial question" was "a close question or one that very well could be decided the other way." Id. Subsequently, the Ninth Circuit in Handy defined "substantial question" as a question that is "fairly debatable". Handy, 761 F.2d at 1283. The Ninth Circuit suggested the standard of "fairly debatable" adopted in Handy was synonymous with the Third Circuit's "fairly doubtful" standard in Miller. Id. at 1282. The Handy court noted that to the extent the Eleventh Circuit's definition in Giancola of "substantial question" as a "close question" was a modification of Miller's "fairly doubtful" standard it was rejected. Id. at n.2.

Thus, a question exists as to whether the Eleventh Circuit intended to modify the Miller "fairly doubtful" standard with its "close question" standard in any meaningful sense. The Eighth Circuit has suggested that it did. See Powell, 761 F.2d at 1232. In Powell, the Eighth Circuit determined that the Giancola court went further to effect congressional intent than Miller and that applying the "close question" standard would result in "fewer convicted persons remain[ing] at large while pursuing their appeal" than would occur under a "fairly doubtful" standard. See id. (explaining that the Handy and Miller formulations of what 'substantial question' means would not work much of a change in prior law" and concluding that the "Giancola formulation is more faithful to the purpose of Congress"). The Powell court chose to adopt Giancola's "close question" standard because it was "more responsive to the announced purpose of Congress" in enacting § 3143(b). Id. A majority of the circuit courts of appeals to consider this question have adopted the Giancola formulation, finding the "close question" standard more in line with congressional intent to limit the number of persons released under § 3143(b). See id.; United States v. Pollard, 778 F.2d at 1182; Bayko, 774 F.2d at 523; Bilanzich, 771 F.2d at 298-99; Affleck, 765 F.2d at 952; Valera-Elizondo, 761 F.2d at 1024; Randell, 761 F.2d at 125 (2d Cir.); but see United States v. Smith, 793 F.2d 85, 89 (3d Cir. 1986) (rejecting the Giancola "modification" of Miller in favor of the Handy "fairly debatable" standard and concluding that a "substantial question" is one that is "debatable among jurists of reason").

Case No.: 3:04cr10/MCR; USCA No.: 05-13809-H

it is more probable than not that the issue on appeal, if substantial under the above definition, would result in a reversal or new trial the court determined that defendants would have to show this to be the case on all counts of conviction for which a term of imprisonment was imposed. See United States v. Randell, 761 F.2d 122, (2d Cir. 1985).

Defendants raised numerous issues in their motions, and the court addressed each one separately at the hearing.[4] The court now addresses each one in turn in writing:

1. <u>Sufficiency of the Evidence</u>. Defendants argue there was insufficient evidence at trial to support their convictions for general conspiracy, mail fraud, interstate transportation of money taken by fraud, and conspiracy to commit money laundering and that this presents a substantial question for review on appeal. The court disagrees and notes that although the government's case at trial was based largely, if not exclusively, on circumstantial evidence, conspiracy cases are often proved by circumstantial evidence and in this case there was more than sufficient circumstantial evidence from which a reasonable jury could find the defendants guilty of the above offenses, including both defendants' own testimony. See United States v. Ross, 131 F.3d 970, 974 (11th Cir. 1997). Defendants' arguments regarding sufficiency of the evidence do not present a substantial

---

This court agrees with the majority courts' interpretation of <u>Giancola</u> and finds that "a close question or one that very well could be decided the other way" does more to effectuate Congress' intent in enacting the Bail Reform Act of 1984 than a "fairly debatable" or "fairly doubtful" standard. See <u>Powell</u>, 761 F.2d at 1232. In order to effectuate Congress' purpose of substantially limiting the number of persons released during the pendency of an appeal, the standard for what constitutes a "substantial question" must necessarily include consideration of the probability of success on appeal, a consideration encompassed within <u>Giancola's</u> "close question" standard, but not something a court must necessarily weigh under a "fairly debatable" standard, as presumably every nonfrivolous question on appeal is fairly debatable. See <u>id</u>. at 1234. Additionally, the term "fairly doubtful", while requiring some measure of consideration of success on appeal, does not reflect enough the commonly understood meaning of the term "substantial", which is of course the term Congress chose to use in the statute. Also, as the court in <u>Powell</u> observed, it is doubtful that Congress would have gone to the trouble of passing a new statute to obtain no more change than is brought about by either <u>Miller</u> or <u>Handy</u>. <u>Id</u>. at 1232.

Should the court's interpretation of <u>Giancola</u> be incorrect and the Eleventh Circuit decide that the "close question" standard is synonymous with the "fairly doubtful" standard in <u>Miller</u>, the court's decision on defendants' motion would not change. Even applying a fairly doubtful standard to the issues raised by defendants the court would find that there has not been a substantial question of law or fact presented for purposes of appeal.

[4] Defendants were given opportunity to argue each ground before the court at the hearing. Svete's counsel argued several key issues from his motion; Girardot's counsel for the most part adopted the arguments made by Svete's counsel.

question of fact on appeal. See Giancola, 754 F.2d at 901 n.4 (explaining that claims on appeal of insufficient evidence involve questions of fact under § 3143(b)).

2. <u>Brady Violations/Charme Austin</u>. Defendants argue that the government's failure to disclose impeachment material regarding co-defendant Charme Austin amounted to a Brady violation, which raises a substantial question for review on appeal. The court disagrees and notes that the government did not know of the information until just prior to Charme Austin's sentencing, which was long after the trial had concluded.[5] This does not present a close question; however, to the extent it does, the court also finds that a ruling in favor of defendants on this issue by the Eleventh Circuit would not likely result in a reversal or order for new trial.

3. <u>Civil and Regulatory Violations and Rule 404(b) Errors</u>. Defendants do not refer to the specific evidence of civil and regulatory violations they believe was admitted in error and which they argue resulted in unfair prejudice to them. The court recalls very little, if any, such evidence at the trial and certainly not enough to present a close question on appeal as to jury taint and prejudice. Evidence regarding Defendant Svete's businesses before and after LifeTime Capital was actually introduced by the defense on cross-examination. For example, to the extent defendants are referring to evidence regarding Svete's involvement in offshore certificates of deposit, Svete's counsel elicited information from at least one investor on cross-examination about this pre-LifeTime Capital investment program Svete had promoted to the investor. The same is true with respect to Defendant Svete's post-LifeTime Capital activities.

The court also found this evidence inextricably intertwined with the evidence of fraud and also necessary to complete the story of the crime charged for the jury. Evidence of criminal activity other than the offense charged is not extrinsic evidence if it is inextricably intertwined with evidence of the charged offense. United States v. Cancelliere, 69 F.3d 1116, 1124 (11th Cir. 1995). Additionally, Rule 404(b) does not apply where the evidence concerns the "context, motive, and set-up of the crime" and is "linked in time and

---

[5] A hearing was held as a result of the newly discovered information.

circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury. See id. (quoting United States v. Williford, 764 F.2d 1493, 1499 (11th Cir. 1985).

Defendant Svete also argues that the government's repeated reference to his fiduciary relationship with his clients "went too far" and that this presents a substantial question on appeal. To the contrary, the evidence, even that which was introduced by Svete himself, made it abundantly clear to the jury that Svete maintained a fiduciary relationship with his own clients.[6] To the extent there was any prejudice, a finding the court does not now make, the court gave at least one cautionary instruction on the pre- and post-LifeTime Capital activities of Defendant Svete. Neither of these issues present a close question for review on appeal. Moreover, to the extent they do present a close question, the court also concludes that there was more than sufficient evidence, independent of this evidence, from which a jury could have reasonably found the defendants guilty on all counts. Thus, the court also finds that a ruling in favor of defendants on this issue by the Eleventh Circuit would not likely result in a reversal or order for new trial.

4.   Criminalization of Civil/Business Disputes. From the inception of this case, defendants, particularly Defendant Svete, have maintained that the facts of the case demonstrate nothing more than a business dispute between LifeTime Capital and its investors and that the case should have been dismissed pursuant to the Eleventh Circuit's decision in United States v. Brown, 79 F.3d 1550 (11th Cir. 1996). The court continues to disagree. First, Defendant Svete admittedly maintained a fiduciary relationship with those investors he dealt with personally, a fact which takes this case out of the scope of Brown. Moreover, as the court has noted numerous times now in this case, this is not a case where defendants simply exaggerated the LifeTime Capital product. Instead, there was an intentional effort to deceive the investors about the health status of the viators. The

---

[6] The issue of Svete's fiduciary relationship with his clients and his corresponding fiduciary duty to them was an important part of the government's case, as Svete had repeatedly argued, as he continues to now, that the government was attempting to make criminal nothing more than a civil business dispute between LifeTime Capital and its investors involving an arms length transaction. See United States v. Brown, 79 F.3d 1550 (11th Cir. 1996).

Case No.: 3:04cr10/MCR; USCA No.: 05-13809-H

investors were led to believe through sophisticated marketing materials, including a 60 Minutes videotape, as well as through direct contact with sales representatives, that the viators were terminally ill and that, by investing, they would be helping the viators to live out their remaining days in peace and comfort. The investors were assured about the validity of these representations through false information about Medical Underwriting Incorporated. There was no way for the investors to readily confirm the accuracy of these representations. Unlike the investors in Brown, the LifeTime Capital investors' reliance on the representations made in the marketing literature and by the sales representatives was reasonable. This does not present a close question on appeal on the facts of this case.

5.   Jury Instructions. Defendant Svete argues that the court's decision not to give Svete's theory of defense instruction presents a close question on appeal. Again, the court disagrees. The court reviewed the requested instruction and decided that the instruction was more in the form of a closing argument than a theory of defense. Moreover, the court did instruct the jury on the good faith defense and the defendant's proposed instruction was duplicative of that instruction. This does not present a close question.

6.   Government's Misconduct in Opening Statement. Even if the government's reference to the grand jury process in its opening statement was improper, a finding this court did not make at the time and does not now make, the court gave a cautionary instruction to the jury at the time. This does not present a close question; however, to the extent it does, the court also finds that a ruling in favor of defendants on this issue by the Eleventh Circuit would not likely result in a reversal or order for new trial.

7.   Government's Misconduct in Closing. Defendants opened the door to the prosecutors reference during closing to the absence of certain defense witnesses. Notwithstanding, the court gave a cautionary instruction at the time, as well as numerous other times during the trial, regarding the absence of any burden on the part of the defendants to prove or disprove anything. This does not present a close question; however, to the extent it does, the court also finds that a ruling in favor of defendants on this issue by the Eleventh Circuit would not likely result in a reversal or order for new trial.

8. <u>Bad Faith Questioning and Improper Summary Testimony</u>. The court is uncertain as to specifically what questioning the defendants' believe was in bad faith but to the extent it relates to the prosecutor's cross-examination of defendants, there was no bad faith. The court is likewise unclear about defendants' reference to improper summary testimony but assumes this refers to the government's two witnesses who testified to the financial transactions in the case as well as to the receiver's testimony. There was nothing improper about these witness' testimony; however, when the defendants' raised this issue at trial the court, in an abundance of caution, gave a limiting instruction at the time of the testimony as well as in the court's instructions on the law at the close of trial. This does not present a close question; however, to the extent it does, the court also finds that a ruling in favor of defendants on this issue by the Eleventh Circuit would not likely result in a reversal or order for new trial.

9. <u>ITSP Charges</u>. The evidence presented at the trial as to the fraud was separate from that involving the transfer of the money. This does not present a close question; however, to the extent it does, the court also finds that a ruling in favor of defendants on this issue by the Eleventh Circuit would not likely result in a reversal or order for new trial on all counts of conviction.

10. <u>Double Jeopardy</u>. There was no merger of the transportation counts with the fraud counts in this case. The fraud was committed before the transfer and both the investor paperwork and the investor funds were transported in interstate commerce. This does not present a close question; however, to the extent it does, the court also finds that a ruling in favor of defendants on this issue by the Eleventh Circuit would not likely result in a reversal or order for new trial on all counts of conviction.

11. <u>Hearsay</u>. The court admitted the testimony of investors as to what they were told by sales representatives because it was relevant and was non-hearsay. The testimony was relevant to the issues of materiality and reasonableness of the investors' decision. Moreover, it was not hearsay because it was not offered to prove the truth of the matter asserted by the statement. For example, the investors testified that the sales representatives told them the viators were terminally ill. This was not offered to prove that

the viators were terminally ill. To the contrary, the government hoped to prove the opposite.[7] This testimony was offered to explain the reason for the investors' decision and the reasonableness of that decision.

Another example of this was the testimony of the investors that the sales representatives advised them that LifeTime Capital was a well-established company that had been in the viatical business for many years. This was not offered to prove the truth of the statement. It was offered instead to explain the reason for the investors' decision and the reasonableness of that decision. Additionally, there was evidence that Defendant Svete himself made similar representations to certain investors and also evidence that Svete himself personally trained the sales representatives. The evidence also established that Svete authorized the deceptive marketing materials used by the sales representatives. This does not present a close question; however, to the extent it does, the court also finds that a ruling in favor of defendants on this issue by the Eleventh Circuit would not likely result in a reversal or order for new trial.

Defendants also argue that admission of the out of court statements of the sales representatives to the investors violated the Confrontation Clause of the Constitution under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Although the extent to which Crawford will be applied by the courts of appeals has not yet been decided, the court disagrees with defendants and finds that under even the most liberal interpretation of Crawford the Confrontation Clause was not offended by the introduction of the sales representatives' non-testimonial statements at trial. See Ramirez v. Dretke, 398 F.3d 691, 695 n.3 (5th Cir. 2005) (noting there is no indication that the Supreme Court intended Crawford to apply to spontaneous out of court statements made outside the judicial or investigatory context). This does not present a close question; however, to the extent it does, the court also finds that a ruling in favor of defendants on this issue by the Eleventh Circuit would not likely result in a reversal or order for new trial.

---

[7] The government tried to prove, and ultimately did prove, that the viators were not terminally ill as represented and that defendants knew they were not.

Case No.: 3:04cr10/MCR; USCA No.: 05-13809-H

12. <u>Speculative Testimony</u>. The court finds, as it did at trial, that the testimony of investors as to whether they would have invested had they not been told the viators were terminally ill or had they known the viators were not terminally ill was not speculative and was relevant to the issue of materiality. This does not present a close question; however, to the extent it does, the court also finds that a ruling in favor of defendants on this issue by the Eleventh Circuit would not likely result in a reversal or order for new trial.

13. <u>Disparagement</u>. Svete argues that the government disparaged him during cross-examination and that this amounts to a substantial issue on appeal. The court recalls well the cross-examination of Defendant Svete and there was no improper disparagement by the prosecutor. This does not present a close question; however, to the extent it does, the court also finds that a ruling in favor of defendants on this issue by the Eleventh Circuit would not likely result in a reversal or order for new trial.

14. <u>Girardot Issues</u>. Svete contends that the government's rebuttal evidence regarding Defendant Girardot's statements to the FBI unfairly prejudiced Svete and that this raises a substantial question on appeal. First, the rebuttal evidence was proper as to Ron Girardot, as he opened the door to this inquiry on cross-examination. As to the prejudice against Svete the court gave a limiting instruction to the jury. This does not present a close question; however, to the extent it does, the court also finds that a ruling in favor of defendants on this issue by the Eleventh Circuit would not likely result in a reversal or order for new trial.

15. <u>Cumulative Witnesses</u>. This does not present a close question; however, to the extent it does, the court also finds that a ruling in favor of defendants on this issue by the Eleventh Circuit would not likely result in a reversal or order for new trial.

16. <u>Clean Sheeting</u>. This issue was raised by Defendant Svete during cross-examination of some of the government's early witnesses. The court believes a cautionary instruction was given at the time; nonetheless, even if one were not given, this issue does not present a close question on appeal and even if it did a ruling in favor of defendants on this issue by the Eleventh Circuit would not likely result in a reversal or order for new trial.

17. <u>Viator's Health</u>. Much of this evidence was elicited by defense counsel in cross examination of viator witnesses. In any event, this does not present a close question; however, to the extent it does, the court also finds that a ruling in favor of defendants on this issue by the Eleventh Circuit would not likely result in a reversal or order for new trial.

18. <u>Exclusion of Defense Exhibits</u>. Defendants argue that the court improperly excluded an email that was first presented by Defendant Svete during the middle of the trial as evidence of Svete's state of mind and the lack of willful misconduct on his part. The court initially admitted the evidence at the urging of defense counsel and over the strenuous objection of government's counsel. The court later decided that admission of the exhibit was in error primarily for reasons of authenticity but also hearsay. After the defense was unable to explain precisely where the document came from and why it was offered so late, the government sought to introduce the testimony of a computer expert to explain how easily such a document could be falsified. The court then gave the defense the option of withdrawing the exhibit or allowing the government to call its computer expert. The defense withdrew the exhibit and the court gave a carefully drafted cautionary instruction to the jury.[8]

Defendants also argue that the court improperly excluded a letter from one of Defendant Svete's attorneys containing advice about asset protection. Svete sought to introduce this exhibit as evidence of his good faith; however, he conceded he was not seeking to assert a defense of good faith reliance on the advice of counsel. The attorney who wrote the letter was not a witness at trial and no one could attest to its authenticity. The evidence was clearly being offered to show that Svete acted reasonably on the advice of his counsel in trying to protect his assets without meeting the other evidentiary requirements for that defense. The court refused to allow this back-door defense to be suggested to the jury through this exhibit.

---

[8] The document was nonetheless inadmissible for lack of authenticity.

Case No.: 3:04cr10/MCR; USCA No.: 05-13809-H

Neither of these issues presents a close question; however, to the extent they do, the court also finds that a ruling in favor of defendants on either issue by the Eleventh Circuit would not likely result in a reversal or order for new trial

For the foregoing reasons, Defendants' Motion For Release Pending Appeal is DENIED.

**DONE** this  18th  day of August, 2005.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT COURT**

Case No.: 3:04cr10/MCR; USCA No.: 05-13809-H